RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0162P (6th Cir.)
File Name: 04a0162p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

EDUARDO BONILLA,
    *Petitioner-Appellant,*

*v.*

PAT HURLEY, Warden,
    *Respondent-Appellee.*

No. 03-3153

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 02-00334—Michael R. Merz, Magistrate Judge.

Submitted: March 26, 2004

Decided and Filed: April 27, 2004[*]

Before: GUY and GILMAN, Circuit Judges; BARZILAY, Judge.[**]

---

[*] An abbreviated order of this opinion was originally issued as an "unpublished decision" filed on April 27, 2004. The court is now substituting this more fully reasoned opinion which is recommended for full-text publication.

[**] The Honorable Judith M. Barzilay, United States Judge for the Court of International Trade, sitting by designation.

---

## COUNSEL

**ON BRIEF:** James P. Fleisher, BIESER, GREER & LANDIS, Dayton, Ohio, for Appellant. M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

---

## OPINION

---

PER CURIAM. Eduardo Bonilla, an Ohio prisoner proceeding through counsel, appeals a magistrate judge's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).

On October 9, 1999, a jury found Bonilla guilty of complicity to aggravated murder, conspiracy to aggravated murder, complicity to murder, conspiracy to murder, complicity to kidnaping, and complicity to obstructing justice. On November 16, 1999, Bonilla was sentenced to serve life imprisonment for complicity to aggravated murder, conspiracy to aggravated murder, and conspiracy to murder; fifteen years to life imprisonment for complicity to murder; ten years of imprisonment for complicity to kidnaping; and five years of imprisonment for complicity to obstructing justice, to be served consecutively. The Ohio Court of Appeals, Second Appellate District, affirmed Bonilla's convictions on March 2, 2001. The Ohio Supreme Court denied Bonilla's motion for leave to file a delayed appeal on July 25, 2001.

After unsuccessfully pursuing a post-conviction application to reopen his direct appeal, Bonilla, proceeding pro se, filed

the instant petition for a writ of habeas corpus, in which he asserted six grounds for relief. The district court subsequently appointed counsel to represent Bonilla because English is his second language.

The parties consented to have a magistrate judge exercise jurisdiction over the case pursuant to 28 U.S.C. § 636. Thereafter, the magistrate judge dismissed Bonilla's habeas corpus petition, and subsequently granted his application for a certificate of appealability as to the following issue: "whether Petitioner is barred from merit consideration of his habeas petition by his procedural default in failing to timely appeal to the Ohio Supreme Court." Bonilla filed a timely appeal. The parties have waived oral argument.

Bonilla's habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Therefore, our review of this case is governed by the AEDPA's provisions. *Mason v. Mitchell*, 320 F.3d 604, 613 (6th Cir. 2003).

All six of Bonilla's grounds for relief were raised on direct appeal before the Ohio Court of Appeals. The Ohio Court of Appeals affirmed Bonilla's convictions on March 2, 2001. Bonilla had forty-five days following the court of appeal's decision, or until April 16, 2001, to file an appeal with the Ohio Supreme Court. *See* Ohio Sup. Ct. R. II, § 2(A)(1)(a). On June 11, 2001, after expiration of the 45-day appeal period, Bonilla filed a motion for leave to file a delayed appeal, which is permitted by the Ohio Supreme Court Rules upon a demonstration of "adequate reasons for the delay." *See* Ohio Sup. Ct. R. II, § 2(A)(4)(a). The reasons offered by Bonilla for his failure to file a timely notice of appeal included his pro se status because "[d]ue to indigence, [he] was forced to terminate the representation of his counsel," his inability to obtain a complete copy of his trial transcripts before the expiration of the 45-day appeal period, the fact that English is his second language and he has "great difficulty with reading and writing the lenguage [sic]," and as an Ohio

prisoner, he is only permitted four hours per week "for legal research" and is provided "no assistance with preparation of legal documents." On July 25, 2001, the Ohio Supreme Court denied Bonilla's motion for leave to file a delayed appeal in a form entry.

This case turns upon whether the Ohio Supreme Court entry denying Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition. Upon examination of the Ohio Supreme Court Rules, we conclude that it does. The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup. Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id.* A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup. Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits. Indeed, this court has previously reached this conclusion, albeit in unpublished opinions. *See Hall v. Huffman*, No. 98-3586, 2000 WL 1562821, at *3 (6th Cir. Oct. 11, 2000) (unpublished); *Shabazz v. Ohio*, No. 97-3085, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (unpublished).

We therefore conclude that Bonilla's grounds for relief have been procedurally defaulted. *See Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). Bonilla failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he failed to demonstrate adequate reasons for his failure to file a timely notice of appeal or to otherwise comply with the provisions of Ohio Sup. Ct. R. II, Section

2(A)(4). Where a state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar. *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

"A petitioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts in accordance with the state's procedural rules." *Jones*, 238 F.3d at 406. When a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Since both cause and prejudice must be shown to excuse a procedural default, the failure to establish cause eliminates the need to consider prejudice. *Murray v. Carrier*, 477 U.S. 478, 494-95 (1986).

In order to establish cause, a habeas corpus petitioner must show that "some objective factor external to the defense" prevented the petitioner's compliance with a state procedural rule. *Id.* at 488. As cause to excuse the procedural default of his grounds for relief, Bonilla argues that he was unable to file a timely notice of appeal to the Ohio Supreme Court because he was forced to proceed pro se due to the "sudden, unexpected withdrawal of state appellate counsel," he was "not at all versed in the art of appellate legal practice and was not aware of the rules relating to the filing of a Notice of Appeal," he was unable to obtain a complete copy of his trial transcripts prior to the expiration of the 45-day period provided for timely appeals to the Ohio Supreme Court, the prison where he was incarcerated limited his legal research time to four hours per week, and he was unfamiliar with the English language.

None of Bonilla's arguments establish cause to excuse his procedural default. First, Bonilla's pro se status before the

Ohio Supreme Court is insufficient to establish cause to excuse his procedural default. *See Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). Second, Bonilla's ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default. *See id.* Furthermore, Bonilla's claim that he lacked notice of the procedural requirements for filing an appeal to the Ohio Supreme Court is specious in light of the memorandum in support of his motion for leave to file a delayed appeal that he filed with the Ohio Supreme Court on direct review. In his memorandum, Bonilla referred to and acknowledged the 45-day time period during which he was required to file a timely appeal with the supreme court and offered reasons to excuse his failure to file a timely appeal.

Third, Bonilla's mistaken belief that he required a complete copy of his trial transcripts prior to filing a notice of appeal with the Ohio Supreme Court does not establish cause to excuse his procedural default. *See id.* Fourth, the fact that Bonilla's time in the prison law library was limited to four hours per week in insufficient to establish cause to excuse his procedural default. Additionally, Bonilla does not indicate why he required additional time to conduct legal research and how his limited law library time prevented him from filing a timely notice of appeal. Fifth, Bonilla's unfamiliarity with the English language is insufficient to establish cause to excuse his procedural default because such alleged unfamiliarity is not "external to [his] defense." *See Murray*, 477 U.S. at 488. Moreover, the record indicates that Bonilla was able to file a motion for a delayed appeal with supporting memorandum, an affidavit of indigency, and a notice of appeal before the Ohio Supreme Court despite his alleged unfamiliarity with the English language.

In addition, Bonilla did not supplement his claims of constitutional error with a colorable showing of actual innocence so as to demonstrate a fundamental miscarriage of justice which would permit review of his defaulted claims even though cause had not been established. *See McCleskey*

*v. Zant*, 499 U.S. 467, 494-95 (1991); *Murray*, 477 U.S. at 496. Thus, as a result of his unexcused procedural default, the grounds for relief presented in Bonilla's habeas corpus petition may not be considered on federal habeas corpus review.

Accordingly, we affirm the judgment of the magistrate judge.