

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2005

# Bastista v. US Dept of Justice

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4305

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bastista v. US Dept of Justice" (2005). *2005 Decisions.* Paper 1247.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1247

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-158                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4305
_____

RAFAEL A.S. BASTISTA,

Appellant

v.

U.S. DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF PRISONS; WARDEN,
USP ALLENWOOD, TROY WILLIAMSON; THOMAS MARINO
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 04-cv-00575 )
District Judge: Honorable Edwin M. Kosik
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 3, 2005

Before: ALITO, McKEE and AMBRO, Circuit Judges

(Filed: May 4, 2005 )

_____

OPINION

_____

PER CURIAM

    Appellant Rafael Bastista, a federal prisoner proceeding pro se, appeals an order of

the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

In his habeas petition, Bastista states that he was charged with orchestrating an attack on another prisoner, and with fighting with that prisoner on a previous occasion. A hearing officer found Bastista guilty of both charges, and sanctioned him to disciplinary segregation, and the loss of good-time credits and privileges. Bastista, who speaks Spanish, claims that he was denied due process because the charges were brought against him without adequate notice in a language that he understood. He further contends that he did not have an interpreter at one of his hearings, that the finding that he was guilty of fighting was not supported by valid evidence, and that he was denied the opportunity to present evidence on his behalf.

The Government responded that the District Court should dismiss the petition because Bastista did not exhaust his administrative remedies. The Magistrate Judge agreed that Bastista was required to do so, but noted that the Government's declaration attesting to Bastista's failure to exhaust was unsigned and could not be considered, and that it was unclear whether Bastista failed to exhaust. The Magistrate Judge directed the Government to file a supplemental response and provide copies of Bastista's grievances

---

[1] In District Court, Bastista filed documents using the name "Batista." He has spelled his name "Bastista" in documents filed in this Court, and the docket reflects this spelling.

and appeals and responses thereto. The Magistrate Judge also directed Bastista to address the issue of cause and prejudice in his reply in the event the District Court concluded that he procedurally defaulted his claims.

The Government filed a supplemental response, but only provided the same unsigned declaration. The Magistrate Judge noted that Bastista did not disagree with the declaration, and concluded that his attempts to exhaust were insufficient because he did not properly pursue his appeals to final review. The Magistrate Judge further found that Bastista's inability to speak English did not constitute cause to excuse his procedural default, and recommended the dismissal of the habeas petition. The District Court adopted the recommendation and dismissed the petition. This appeal followed.

A federal prisoner must exhaust his administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). We will not consider the unsigned declaration that the Government submitted to show that Bastista failed to exhaust his administrative remedies. However, the two documents that Bastista provided to the District Court establish that he did not exhaust. Regarding the charge of ordering the assault of another inmate, Bastista provided the Regional Director's decision denying his appeal of the finding of misconduct. In the decision, the Regional Director stated that Bastista could appeal to the General Counsel of the Federal Bureau of Prisons. Bastista also provided the Administrator of National Inmate Appeals' response to his request for an expungement of

3

the incident report related to this charge. In denying the request, the Administrator stated that Bastista did not appeal the Regional Director's denial of his appeal of the finding of misconduct.

Regarding the fighting charge, the Regional Director stated in his decision denying Bastista's appeal of the finding that he ordered an attack, that he must separately appeal the finding of misconduct for fighting. Bastista does not maintain that he ever did so. Bastista's submissions establish that he procedurally defaulted his due process claims related to the findings of misconduct. Thus, review of his habeas petition is barred absent a showing of cause and prejudice to excuse the default. Moscato, 98 F.3d at 762.

We agree with the District Court that Bastista has not shown cause, or that "'some objective factor external to the defense impeded [his] efforts to comply with the [prison's] procedural rule.'" Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (citation omitted). In his objections to the Magistrate Judge's report, Bastista argued that he does not speak English, and he was not notified that his staff representative could assist him in filing an administrative appeal. The District Court noted that the regulations do not require such assistance. Moreover, based upon Bastista's demonstrated ability to represent himself, we cannot conclude that his efforts to appeal the findings of misconduct were impeded by a lack of staff assistance. See Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir.), cert. denied, 125 S. Ct. 506 (2004) (finding prisoner's unfamiliarly with English language insufficient to establish cause to excuse a procedural default, and noting prisoner's ability

to file documents in state court).

Accordingly, we will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

---

[2]Bastista's Motion Requesting to File Appellate Brief is denied.