HELENE N. WHITE, Circuit Judge,
concurring.
I write separately to note my discomfort with the result we reach in section IV. I *47 concur in that section because Hill argues only that case law supports that he exhausted his claims by filing a pro se brief, and that Tennessee had no clear rule precluding a petitioner from asserting claims in a pro se supplemental brief while being simultaneously represented by counsel. He has made no argument based on the cause and prejudice exception and does not otherwise attack the application of the procedural default rules.
The majority correctly observes that the question whether a claim was presented to the state courts, i.e., whether it was exhausted, is distinct from the question whether the state court’s rejection of the claim rests on adequate and independent state law grounds. Regarding the latter question, Hill only challenges whether Tennessee has a clear rule against hybrid representation on appeal. The cases cited in footnotes three and four, however, make abundantly clear that such a rule did in fact exist when the Tennessee courts declined to accept Hill’s pro se submission. Lastly, Bonilla v. Hurley, 370 F.3d 494 (6th Cir.2004), does, indeed, preclude reliance on Atkins v. Moore, 139 F.3d 887 (4th Cir.1998) (unpublished table opinion). Nevertheless, it is troubling that Hill is subject to a finding of procedural default when he did everything in his power to present the issues to the Tennessee courts.