NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0670n.06

No. 08-4516

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 02, 2010**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| JAMES M. CARR, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| WARDEN, LEBANON CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: GUY and GRIFFIN, Circuit Judges; and BARZILAY, Judge.*

BARZILAY, Judge. Petitioner-Appellant James M. Carr ("Carr" or "Petitioner") appeals a judgment from the U.S. District Court for the Southern District of Ohio that dismissed his petition for a writ of habeas corpus. In its opinion and order, the district court adopted a magistrate judge's report in part, finding that Carr had procedurally defaulted on all five of his claims in state court. *Carr v. Warden, Leb. Corr. Inst.*, No. 1:06-CV-867, 2008 WL 4506127, at *3 (S.D. Ohio Oct. 2, 2008). The district court also held, however, that because "jurists of reason" could disagree over its ruling, a certificate of appealability should issue with respect to whether Petitioner procedurally defaulted on grounds one and two of his habeas petition. *Id.* at *4 (quotation marks omitted).

---

* The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

Because we agree with the district court that Carr procedurally defaulted on grounds one and two, the court affirms the denial of his claim for relief.

## I. Background

### A. State Procedural History

The undisputed facts of the case arise from Petitioner's drug conviction and subsequent appeals in Ohio state courts. In December 2001, a grand jury indicted Carr on one count of manufacturing methamphetamine. *State v. Carr*, No. CA2004-01-006, 2005 WL 280332, at *1 (Ohio Ct. App. Feb. 7, 2005) (not reported in N.E.2d). A jury convicted Carr of the charge, and the trial court denied his motion for a new trial. *Id*. Petitioner timely appealed to the Clermont County Court of Appeals, where he contested the trial court's denial of his request for a new trial. *Id.* At that time, Carr obtained new counsel. In February 2005, the appeals court rejected Petitioner's claim and affirmed his conviction. *Id.* at *2.

Carr's appellate counsel did not inform him of the adverse judgment from the court of appeals; ultimately, Petitioner learned of the decision from the clerk of that court approximately ten months later on December 9, 2005. *Carr*, 2008 WL 4506127, at *7. On January 5, 2006, Petitioner received a letter from his appellate counsel, wherein she admitted her neglect and enclosed the briefs on appeal and the February 2005 decision of the court of appeals. *Id*. Carr filed a grievance against his appellate counsel with the Ohio Supreme Court Disciplinary Counsel, which confirmed her reproachful conduct in an April 4, 2006 letter. *Id*.

One month later in early May 2006, Petitioner sought a delayed appeal of the February 2005 court of appeals decision with the Ohio Supreme Court, which declined his request as untimely

under Ohio S. Ct. Prac. R. II, § 2(A)(1)(a) in June 2006.[1]  *Id*. at *5.  At the same time, Carr also filed

an application to reopen his direct appeal with the court of appeals pursuant to Ohio App. R.

26(B)(1).[2]  *Id*.  The court of appeals similarly denied his application as untimely in July 2006, and

the Ohio Supreme Court declined to review that decision in October 2006.  *Id*.

## B.  Procedural Posture of Carr's Federal Habeas Corpus Petition

Carr filed his federal habeas petition on December 19, 2006 and alleged five bases for relief.

*Id*. at *1.  Ground one averred that the prosecutor improperly withheld exculpatory evidence in

violation of Carr's due process rights under the Fourteenth Amendment, while ground two asserted

that his appellate counsel rendered ineffective assistance of counsel under the Sixth Amendment by

failing to raise on appeal purported prosecutorial misconduct and failing to contest improper jury

instructions submitted by the prosecutor.  *Id*.  A magistrate judge reviewed the writ and concluded

that Carr had defaulted on all grounds in state court and that no cause excused his delayed appeal.

*Id*. at *13, *15.  Petitioner had claimed that he required (1) a decision from the Ohio Supreme Court

Disciplinary Counsel on his appellate counsel's conduct and (2) a copy of his trial transcript before

he could seek post-appeal relief for grounds one and two.  *Id*. at *8, *11-12, *14-15.  The magistrate

rejected those assertions as legitimate causes for the delay, noting that while Carr had good cause

---

[1] "To perfect an appeal from a court of appeals to the [Ohio] Supreme Court," an appellant must submit a notice of appeal to "the Supreme Court within 45 days from the entry of the judgment being appealed."  Ohio S. Ct. Prac. R. II, § 2(A)(1)(a).

[2] The Ohio Rules of Appellate Procedure allow a criminal defendant to apply for the reopening of his appeal from a judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel, so long as the applicant files the request "within ninety days" from the entry of the appellate judgment, unless he demonstrates "good cause for filing at a later time."  Ohio App. R. 26(B)(1).

for the delay until January 2006 as a result of his appellate counsel's neglect, after that date Petitioner already had written admission of his appellate counsel's error, and the Ohio Supreme Court did not require an appellant to submit a trial transcript when filing for delayed appeal.[3] *Id*. at *8, *11-12, *14-15. Additionally, reaching the merits of grounds one and two, the magistrate judge found no evidence that would warrant relief. *Id*. at *9-10, *12.

The district court accepted the magistrate judge's conclusion in part and confirmed that Carr had procedurally defaulted all grounds of his habeas petition in state court. *Id*. at *3. The district court did not adopt the magistrate's position on the merits of grounds one and two of Carr's petition. *See id*. at *3-4.

## II. Subject Matter Jurisdiction & Standards of Review

The Court has appellate jurisdiction over a district court's denial of a petition for writ of habeas corpus. 28 U.S.C. §§ 1291, 2253(a) & (c)(1)(A). The Court reviews *de novo* the district court's denial of a habeas petition. *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005).

Under the Antiterrorism and Effective Death Penalty Act of 1996, the court must evaluate a habeas corpus petition and the underlying state court decision through a limited and deferential lense. 28 U.S.C. § 2254(d). On issues of law, a federal court may grant relief from a state conviction only when the state court adjudication resulted in a decision that (1) contravened, "or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[3] The magistrate judge also rejected Carr's claim that he had fairly presented the other grounds of his petition to the state court. *Id.* at *12-13, *15. The court did not expand the certificate of appealability to permit review of this conclusion. *Carr*, No. 08-4516 (6th Cir. May 29, 2009) (order granting certificate of appealability for review of grounds one and two of federal habeas petition).

Supreme Court of the United States" or (2) rested "on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2). Under the first category, a petitioner must demonstrate that the state court arrived at a conclusion opposite to that reached by the Supreme Court on an issue of law, *Williams v. Taylor*, 529 U.S. 362, 405 (2000), or that the state court reached a different result than the Supreme Court on a set of materially indistinguishable facts. *Early v. Packer*, 537 U.S. 3, 8 (2002). With respect to the second category, a federal court must not defer to a state court's objectively unreasonable application of clearly established federal law to the facts of the petitioner's case. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003); *Wiggins v. Smith*, 539 U.S. 510, 520 (2003); *see also Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004). A state court's decision amounts to an objectively unreasonable application of federal law when "reasonable jurists would find it so arbitrary, unsupported or offensive to existing precedent as to fall outside the realm of plausible credible outcomes." *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999).

### III. Discussion

Petitioner advances three arguments on appeal.[4] First, Carr avers that the two Ohio procedural rules at issue – Ohio S. Ct. Prac. R. II, § 2(A)(1)(a) and Ohio App. R. 26(B)(1) – do not constitute adequate and independent state grounds on which the state can rely to foreclose review of his claims. Appellant Reply Br. 2-7. Second, he argues that the facts of the case establish cause for his delay in filing an appeal. *See generally* Appellant Reply Br. With respect to grounds one and

---

[4] According to Carr, he raised the merits of the first two grounds of his petition in his principal brief because he found the certificate of appealability "unclear." Appellant Reply Br. 2 n.1. Petitioner focuses his reply brief "solely on the procedural default issue." Appellant Reply Br. 2 n.1.

two of his petition, Carr claims that he needed to wait for (1) a decision from the Ohio Supreme Court Disciplinary Counsel and (2) the trial transcripts before he could appeal his claims. Appellant Reply Br. 8. Petitioner also argues on ground two that his appellate counsel "compounded her prior ineffective assistance of counsel by not informing Carr of how to proceed with further appeals." Appellant Reply Br. 8. Finally, Petitioner contends that record evidence demonstrates his actual innocence. Appellant Reply Br. 8-9.

The doctrine of procedural default bars judicial review of a federal habeas corpus petition if the petitioner defaulted his claims in state court pursuant to an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 730-34 (1991) (explaining that state procedural rule not based in federal law is independent and adequate); *see also Middlebrooks v. Bell*, No. 05-5904, 2010 WL 3419445, at *6 (6th Cir. Sept. 1, 2010); *Mitchell v. Mason*, 325 F.3d 732, 738 (6th Cir. 2003). Notwithstanding this axiomatic rule, a petitioner may overcome procedural default if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or a "fundamental miscarriage of justice" if the court declines to consider her claims. *Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009) (quotation marks omitted) (citing *Coleman*, 501 U.S. at 732).

The Sixth Circuit previously has found the two Ohio procedural rules at issue to constitute adequate and independent state grounds that bar federal habeas relief. *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007) (citing *Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002)) (concluding that Ohio App. R. 26(B) amounts to adequate and independent state ground); *Bonilla v. Hurley*, 370 F.3d 494, 496-97 (6th Cir. 2004) (per curiam) (citing *Hall v. Huffman*, No. 98-3586,

2000 WL 1562821, at *3 (6th Cir. Oct. 11, 2000) (unpublished); *Shabazz v. Ohio*, No. 97-3085, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (unpublished)) (holding that Ohio S. Ct. Prac. R. II, § 2(A)(1)(a) represents adequate and independent state ground); *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431-32 & n.3 (6th Cir. 2006) (same). Thus, Carr's claim to the contrary fails.

No cause excuses Carr's delayed appeals in the Ohio state courts. A petitioner demonstrates cause when he shows that "some objective factor external to the defense" prevented his compliance with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Bonilla*, 370 F.3d at 498. Carr does not dispute that he failed to timely file his appeals with the Clermont County Court of Appeals or the Ohio Supreme Court. He acquired knowledge of the adverse judgment from the state court of appeals and his appellate counsel's neglect no later than January 5, 2006. Using that date as a starting point, Petitioner should have filed his notice of appeal with the Ohio Supreme Court within 45 days and his application to reopen his appeal with the court of appeals in under 90 days. Ohio S. Ct. Prac. R. II, § 2(A)(1)(a); Ohio App. R. 26(B)(1). Carr failed to do so, and the unpersuasive reasons for his delay do not convince the court that the district court erred in its determination. With respect to grounds one and two of his petition, Carr does not explain how a decision from the Ohio Supreme Court Disciplinary Counsel would enhance his appeal. The disciplinary proceedings against his appellate counsel and the conclusions therefrom existed independently of his ability to file either appeal in the Ohio courts. The disciplinary report would not have addressed the underlying constitutional questions in the case, and he would not have gained additional substantive knowledge of his appellate counsel's conduct by waiting for the disciplinary report. Moreover, this court previously has rejected as cause the claim that a petitioner need obtain

trial transcripts before filing an appeal. *Bonilla*, 370 F.3d at 498 (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)). This court also has held that a petitioner's "ignorance of the law and procedural requirements for filing a timely notice of appeal" does not establish cause to excuse his procedural default, *id*. (citation omitted); *see also Hannah*, 49 F.3d at 1197, and Carr's claim that his appellate counsel's failure to inform him on how to proceed with further appeals provides a legitimate basis for delay carries no weight.

Finally, to establish actual innocence, a petitioner must demonstrate that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). In support of his claim, Petitioner argues that a police officer's investigative report would have highlighted an inconsistency in the testimony of the key witness against him and, thus, likely would have prevented any reasonable juror from convicting him of manufacturing methamphetamine. Appellant Br. 33; Appellant Reply Br. 9. Carr also notes that he "has sworn that he is innocent." Appellant Br. 33; Appellant Reply Br. 9.

The state appellate court agreed with the trial court and found that the key witness's "trial testimony exposed the alleged inconsistency which [Carr] argues is revealed only in the police [report]" and, therefore, that the purportedly excluded evidence did not amount to "material evidence that merit[ed] a new trial." *Carr*, 2005 WL 280332, at *2. Petitioner makes no argument on how that determination constitutes clear error and thus does not overcome the presumption of correctness that attaches to a state court's determination of the facts. § 2254(e)(1). Moreover, it remains unclear how an inconsistency in a key witness's testimony, without more, alone could prove actual innocence. The inconsistency calls into question only the location where Petitioner manufactured

the methamphetamine – either in a van on the premises, as the witness stated in the police report, or in a nearby shed on the property, as stated at trial. *Carr*, 2005 WL 280332, at *1. It does not undercut the fact that Carr manufactured the drug somewhere on the property.

## IV. Conclusion

The court affirms the district court's denial of Carr's habeas corpus petition.