RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0108p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

JACKIE STONE,

*Petitioner-Appellant,*

v.

ERNIE MOORE,

*Respondent-Appellee.*

No. 08-4460

_____

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 07-00363—Gregory L. Frost, District Judge.

Decided and Filed: April 29, 2011

Before: MERRITT, CLAY, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Thelma Thomas Price, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee. Jackie Stone, London, Ohio, *pro se*.

_____

**OPINION**

_____

CLAY, Circuit Judge. *Pro se* Petitioner Jackie Stone appeals from a judgment entered by the district court denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, we **AFFIRM** the district court's judgment.

1

**STATEMENT OF FACTS**

On September 16, 1999, Petitioner went to a residence in Franklin County, Ohio to purchase ecstacy pills from one Danny Feeney. Petitioner purchased the pills, and left the residence. Later that day, Petitioner returned to the residence with a few additional individuals. Feeney met Petitioner and the others at the residence's back door. Petitioner drew a gun, and began shooting at Feeney. Individuals on the second floor of the residence returned fire. Feeney was shot by Petitioner, as was one other individual, Darvelle Ward. Subsequently, Feeney was taken to the hospital where he died of gunshot wounds inflicted by Petitioner.

An Ohio grand jury indicted Petitioner, and charged him with the following crimes: (1) one count of robbery pursuant to Ohio Revised Code ("O.R.C.") § 2911.02; (2) one count of aggravated murder pursuant to O.R.C. § 2903.01(A), with specifications that the killing was committed as part of a course of conduct involving the purposeful killing or attempted killing of two or more people pursuant to O.R.C. § 2929.04(A)(5), and that the offense was committed with a firearm in the course of committing an aggravated robbery, which included a death penalty specification, pursuant to O.R.C. § 2929.04(A)(7); (3) one count of aggravated murder of Danny Feeney with death penalty and firearm specifications pursuant to O.R.C. § 2903.01(B); (4) one count of attempted aggravated murder of Darvelle Ward with a firearm specification pursuant to O.R.C. § 2923.02; (5) one count of attempted aggravated murder of Darvelle Ward pursuant to O.R.C. § 2903.01(B); (6) one count of aggravated robbery pursuant to O.R.C. § 2911.01 with specifications for a firearm and for improperly discharging a firearm into a habitation pursuant to O.R.C. § 2923.161; and (7) one count of having a weapon while under a disability with a firearm specification pursuant to O.R.C. § 2923.13.

On May 15, 2000, Petitioner entered a guilty plea to one count of murder with a firearm specification, a lesser-included offense of aggravated murder, and one count of felonious assault, a lesser-included offense of attempted aggravated murder. On the

guilty plea form, Petitioner acknowledged that his guilty plea "represents the free and voluntary exercise of my own free will and best judgment." (R. 7-1, Ex. 4 at 2.)

That same day, the state court sentenced Petitioner to an agreed upon statutorily mandated term of imprisonment of fifteen years to life for murder, plus a three year term of imprisonment for the firearm specification, and to a concurrent seven year term of imprisonment for felonious assault. Petitioner was thus sentenced to a minimum of eighteen years of imprisonment.

More than six years later, Petitioner filed a motion for delayed appeal to challenge the voluntariness of his guilty plea pursuant to Ohio Rule of Appellate Procedure 5(A). On August 6, 2006, the Ohio Court of Appeals denied Petitioner leave to appeal. The Ohio Supreme Court similarly denied Petitioner's motion to appeal further.

On April 24, 2007, after exhausting his available state court remedies, Petitioner filed a *pro se* petition for a writ of habeas corpus in the district court pursuant to 42 U.S.C. § 2254. In his habeas petition Petitioner raised three grounds for relief: (1) that the Ohio courts' denial of his motion for delayed appeal violated his due process rights; (2) that the State of Ohio's failure to provide him with appellate counsel violated his Sixth Amendment right to appellate counsel; and (3) that his trial counsel's ineffective assistance violated his Sixth Amendment right to trial counsel. (R. 9, Magistrate's Rep. and Recommendation at 4.) Although *pro se* Petitioner did not state so explicitly, the substance of his habeas petition challenges the voluntariness of his guilty plea.

The district court referred Petitioner's habeas petition to a magistrate judge. The magistrate judge stated in his Report and Recommendation that although Petitioner had not waived his right to challenge the voluntariness of his guilty plea, Petitioner had procedurally defaulted his habeas claims by failing to satisfy the requirements of Ohio Rule of Appellate Procedure 5(A) in filing his motion for delayed appeal in the Ohio Court of Appeals. The district court adopted the magistrate judge's Report and Recommendation, and denied Petitioner's habeas claims as procedurally

defaulted. Nevertheless, the district court granted Petitioner a certificate of appealability on his habeas claims, and Petitioner thereafter filed the instant timely appeal.

## DISCUSSION

### I.      Standard of Review

In reviewing a district court's denial of a petition for a writ of habeas corpus, this Court reviews findings of facts for clear error and questions of law *de novo*. *Haliym v. Mitchell*, 492 F.3d 680, 689 (6th Cir. 2007).

### II.     Analysis

In pleading guilty, Petitioner waived his right to appeal the substance of his guilty plea, and was advised as much by the Ohio trial court. In his Report and Recommendation, the magistrate judge quoted the transcript of Petitioner's sentencing hearing at which the Ohio trial court engaged in the following colloquy with Petitioner: the court asked, "Do you understand that at the end of the trial, if you were convicted, you would have the right to appeal this conviction?" Petitioner replied, "Yes, ma'am." The Ohio trial court further asked Petitioner, "If you proceed by pleading guilty and admitting your guilt, do you understand then that you would not be in a position to appeal your conviction and you would be waiving all of these rights that we just discussed?" Once again, Petitioner replied, "Yes, ma'am." (R. 9, Rep. and Recommendation at 7.) However, as recognized by the district court, Petitioner did not waive his right to challenge the voluntariness of his guilty plea on appeal or in a federal petition for a writ of habeas corpus. *See, e.g.*, *United States v. Mader*, 251 F.3d 1099, 1103 (6th Cir. 2001).

Prior to addressing the merits of Petitioner's claims, we must determine whether the claims are properly before us, or whether they have been procedurally defaulted. "Under the procedural default doctrine, a federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision." *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004) (internal quotations and citations omitted).

The Supreme Court clarified the laws governing procedural default in two recent decisions, *Beard v. Kindler*, 558 U.S. ___, 130 S. Ct. 612 (2009), and *Walker v. Martin*, 131 S. Ct. 1120, No. 09-996 (2011).  In *Beard,* the Supreme Court held that, "a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review," because it can be considered "firmly established."  *Beard*, 130 S. Ct. at 618.  Extending the precedent it set in *Beard*, in *Walker* the Supreme Court emphasized the practical importance of "preserving the flexibility" of states' discretionary procedural rules.  *See Walker*, 131 S. Ct. 1120, No. 09-996, slip op. at 2.  Thus, the Supreme Court held in *Walker* that even wholly discretionary state procedural rules may constitute adequate state grounds for foreclosing federal review of a habeas claim.  *See id.* at 8.

Guided by the Supreme Court's recent decision in *Walker*, our procedural default inquiry in this case turns on whether Ohio Rule of Appellate Procedure 5(A) can serve as the basis for barring federal habeas review.  Under Ohio Rule of Appellate Procedure 4(A), a defendant's right to appeal expires thirty days after sentencing.  However, Ohio Rule of Appellate Procedure 5(A) permits a defendant to make a motion for delayed appeal, providing an exception to the general thirty day  appellate period.  Rule 5(A) states in relevant part, "[a]fter the expiration of the thirty day period provided by [Rule of Appellate Procedure] 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken." Ohio R. App. P. 5(A).

In order to determine whether Petitioner's claim is procedurally defaulted pursuant to Rule 5(A), this Court engages in the following four step inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that petitioner failed to comply with the rule . . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction . . . . Third, the court must decide whether the state procedural ground is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim . . . . Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must

> demonstrate . . . that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  In our procedural default inquiry, we look to the "last explained state court judgment," to determine whether relief is barred on procedural grounds.  *Munson*, 384 F.3d at 314.

It is undisputed that Petitioner waited six years to file a motion for delayed appeal.  Generally under Ohio law, to succeed on a Rule 5(A) motion for delayed appeal, a defendant must demonstrate cause for both the delay itself, and the length of delay.  *See, e.g., State v. Yates*, 2004 Ohio App. LEXIS 4358, at *5-8 (Ohio Sept. 10, 2004); *State v. Robinson*, 2004 Ohio App. LEXIS 4220, at *3 (Ohio Sept. 2, 2004).  Therefore, although this delay does not automatically disqualify Petitioner's motion for delayed appeal, under Rule 5(A) Petitioner bears the burden of demonstrating cause for his delay.

In ruling on Petitioner's motion for a delayed appeal, the Ohio Court of Appeals recounted that in his Rule 5(A) petition, Petitioner stated that

> neither his [trial] counsel nor the court advised him of his right to file an appeal by filing a notice of appeal within 30 days of the judgment of sentence. [Petitioner] acknowledges that there is no appeal from sentence jointly recommended by the parties.  However, somewhat inconsistently, [Petitioner] argues that his sentence was illegal because the trial court did not advise him he could appeal. [Petitioner] does not explain the six-year delay that occurred before he filed [his] . . . motion for leave to appeal . . . . [Petitioner] has failed to explain the six-year delay in seeking appellate review of his conviction.

(R. 2, Ohio Ct. of App. Decision Den. Pet'r's Mot. for Leave to Appeal at 20-21.)

Adopting the magistrate judge's Report and Recommendation, the district court found that Petitioner had procedurally defaulted his habeas claims challenging the voluntariness of his plea, stating,

> as the Magistrate Judge found, [P]etitioner Stone did not file a timely appeal [in Ohio state court]; and he failed to demonstrate good cause for waiting over six years to file a motion for delayed appeal.  Consequently his federal claims are waived by his failure to timely present them to Ohio courts.  Petitioner's unsupported argument that the failure of his attorney

and the trial judge to advise him that he could appeal the voluntariness of his guilty plea explains his failure to act sooner does not demonstrate cause for waiting more than six years to file a motion for delayed appeal.

(R. 12, Order at 3.)

Although Petitioner admits that he did not provide a reason for the six year delay in filing his Rule 5(A) motion for delayed appeal, Petitioner contends that Ohio's Rule 5(A) does not meet the procedural default requirements articulated by this Court in *Maupin*. Without accounting for the extent to which *Walker* may have superseded *Maupin*, Petitioner asserts that Rule 5(A) is not "actually enforced" as required by *Maupin*'s second prong. *See Maupin*, 785 F.2d at 138. Petitioner's *Maupin* argument is that "[t]he decision to grant or deny leave to appeal . . . rests solely within the discretion of the court of appeals." *State v. Fisher*, 517 N.E.2d 911, 912 (Ohio, 1998). Therefore, *Walker* notwithstanding, Petitioner maintains that although Rule 5(A) is applicable to Petitioner's case, and was actually applied by the Ohio courts to bar his petition, the discretionary nature of its enforcement means that it is not "actually enforced," as required by *Maupin*.

In explicating *Maupin*'s second prong, this Court has explained that "[a] state procedural rule is adequate if it was firmly established and regularly followed by the time it was applied." *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002). Prior to *Beard* and *Walker*, we found that because not all discretion is unfettered, a court's discretion in applying a procedural rule does not necessarily render that rule "inadequate" under *Maupin*. *See Deitz v. Money*, 391 F.3d 804, 811 (6th Cir. 2004). Nevertheless, this Court held in *Deitz*, 391 F.3d at 810-11, that

> Rule 5(A) does not specify the criteria the courts should use in determining whether to grant a delayed appeal. Instead, it simply requires that the defendant set forth the reasons for the failure to perfect an appeal of right. The decision to grant or deny a motion for leave to appeal pursuant to rule 5(A) is therefore solely within the discretion of the appellate court. A rule that grants such discretion to the courts is not firmly established and regularly followed so as to be adequate within the meaning of *Maupin*.

*Id.* at 810-11 (italics added).  Thus, *Deitz* held that because Rule 5(A) accords state courts wide discretion and does not impose any particular requirements upon state courts, it is not firmly established and cannot be the basis for procedural default.

The Supreme Court's decisions in *Beard* and *Walker* altered the jurisprudential backdrop against which we decided *Deitz.*  *Beard* and *Walker* clarified that discretionary state procedural rules may, under appropriate circumstances, serve as the basis for procedural default of a petitioner's habeas claim.

In *Beard*, the Supreme Court stated,

> the question whether a state procedural ruling is adequate is itself a question of federal law. We have framed the adequacy inquiry by asking whether the state procedural rule in question was firmly established and regularly followed. We hold that a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review.

*Beard*, 130 S. Ct. at 617-18 (internal quotations and citations omitted).  In so stating, the Supreme Court limited its holding to the "uncontroversial" principle "that discretionary rules are [not] automatically inadequate" grounds for procedurally barring federal habeas review.  *Id.* at 619.  Thus, in *Beard* the Supreme Court went no further than rejecting a "*per se* rule about discretionary rulings."  *Id.*

The Supreme Court clarified in *Walker* that its holding in *Beard* was not so circumscribed.  In *Walker*, the Supreme Court evaluated whether a California procedural rule could serve as the basis for procedural default although the rule "does not employ fixed statutory deadlines to determine the timeliness of a state prisoner's [state] petition for habeas corpus."  *Walker*, 131 S. Ct. 1120, No. 09-996, slip. op. at 1 (internal citations omitted).  The California procedural rule at issue in *Walker* "directs petitioners to file known claims as promptly as the circumstances allow," and instructs petitioners "to state when they first learned of the asserted claims and to explain why they did not seek postconviction relief sooner."  *Id.*  Under this California procedure, post-conviction claims filed may be disposed of by state courts in one of two ways: "[c]laims substantially delayed without justification may be denied as untimely;" or "courts may elect to

pretermit the question whether a petition is timely and simply deny the petition, thereby signaling that the petition lacks merit." *Id*. at 2.

The state procedural rule evaluated in *Walker* provides no criteria directing the state courts' decision to address the merits of a petition in lieu of disposing of the petition on timeliness grounds. State courts exercise liberal discretion in applying the procedural rule at issue in *Walker*.

Notwithstanding the state courts' broad discretion in applying the timeliness requirement, the Supreme Court held in *Walker* that the rule can nonetheless serve as the basis for procedural default of a federal petition for habeas corpus. The Supreme Court stated that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court has discretion to reach the merits despite the default." *Id*.

*Beard* and *Walker*, when read together, permit a state procedural rule to serve as an adequate state ground for preventing review of a habeas petition even if the state procedural rule accords courts broad discretion. As a result of the Supreme Court's decision in *Walker*, *Deitz* is no longer the controlling law on this issue in our Circuit, and a petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as the basis for a procedural default of a petitioner's habeas claims.

In this case, Petitioner waited six years before moving for delayed appeal pursuant to Rule 5(A). Both the Ohio Court of Appeals and the Ohio Supreme Court denied Petitioner's Rule 5(A) motion as untimely. Notwithstanding Petitioner's delay, the Ohio courts had discretion under Rule 5(A) to permit Petitioner's delayed appeal. However, based on *Walker*'s holding that discretionary state procedural rules can serve as an adequate and independent state ground for denying a petitioner's habeas claim, Petitioner's failure to promptly file his Rule 5(A) motion constituted procedural default. This Court is therefore foreclosed from considering Petitioner's habeas claims.

Because we find that Petitioner procedurally defaulted his petition for a writ of habeas corpus, we decline to address the merits of Petitioner's habeas claims.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.