NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0908n.06

No. 08-4309

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 17, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JEFFREY D. BAKER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| MARGARET BRADSHAW, Warden. | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before:  BOGGS and WHITE, Circuit Judges; and BERTELSMAN, District Judge.[*]

BOGGS, Circuit Judge.  Jeffrey Baker filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio on June 7, 2005.  On August 25, 2008, the magistrate judge filed a report and recommendation (R&R) that recommended the court dismiss Baker's petition.  On September 16, 2008, without objection from Baker, the district court adopted the magistrate judge's recommendations and denied Baker's petition.  On appeal, Baker argues that since he never received a copy of the R&R, and thus did not have an opportunity to submit objections, the case should be remanded.  Ohio concedes that Baker never received a copy of the R&R, but argues that this error is harmless because Baker's claims were procedurally defaulted.  We affirm.

_____

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**I**

The district court's procedural disposition, and petitioner's procedural default, are both

reviewed de novo. *Couch v. Jabe,* 951 F.2d 94, 96 (6th Cir. 1991). In his 28 U.S.C. § 2254 petition,

Baker raised six bases for granting the writ:

> 1. Is compliance with due process and the equal protection of the law violated when the court of common pleas convicted the petitioner when the petitioner did not receive effective assistance of counsel throughout his defense?
> 2. Is compliance with due process and the equal protection of the law violated when the trial court imposed consecutive sentences upon petitioner?
> 3. Is compliance with due process and the equal protection of the law violated when the trial court committed plain error by failure to declare a mistrial Based upon prosecutorial misconduct?
> 4. Is compliance with the effective assistance of counsel violated when trial counsel failed to object or move for a mistrial based upon prosecutorial misconduct?
> 5. Is compliance with due process violated when petitioner's conviction for gross sexual imposition is not supported by sufficient evidence?
> 6. Is compliance with due process and the equal protection of the law violated when petitioner's convictions are against the manifest weight of the evidence?

The district court granted a certificate of appealability on two issues: "(I) whether the Petitioner's

claims are procedurally defaulted; and (ii) whether cause and prejudice has been shown with respect

to the procedural default." District Ct. Op. at 3. This court ordered briefing on two issues:

> (1) Whether the claims raised in Baker's § 2254 habeas corpus petition were procedurally defaulted and, if so, whether cause and prejudice have been shown to excuse the procedural default?
> (2) Whether Baker was denied an opportunity to file objections because the clerk's office's [sic] allegedly failed to send him a copy of the R & R?

**II**

As a threshold matter, the answer to the second issue in this appeal—whether Baker was

denied an opportunity to object to the magistrate judge's R&R—is yes. Under 28 U.S.C. § 636, a

magistrate judge "shall file his proposed findings and recommendations" and "a copy shall forthwith be mailed to all parties." 28 U.S.C. §636(b)(1)(C). "Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. §636(b).[1] This statute imposes on the court an affirmative obligation to mail a copy of the R&R "forthwith." Petitioner's obligation to file objections is only triggered "after being served with a copy." If he is never served, the ten-day clock cannot start ticking. Entering judgment prior to expiration of this ten-day period seems to conflict with the plain text of 28 U.S.C. § 636.

It is unclear exactly where the error occurred in this case. Suffice it to say that the clerk's office has no record of sending the R&R and the prison never received a copy. Ohio, which assumes Baker never received the R&R, characterizes the error in this manner:

> Respondent has contacted the Magistrate Judge's Office, which has no specific record that could verify that the Report and Recommendation had been sent to Baker. Respondent has also contacted the Mansfield Correctional Institution, and was informed that Baker did not receive any legal mail from the District Court, from the date the Report and Recommendation was issued on August 25, 2008, until the issuance of the District Court's Order on September 16, 2008. Therefore, Respondent will assume Baker's allegations are true and he did not receive the Magistrate Judge's Report before he could file Objections.

Appellee Br. at 12. Because Baker was never served with the R&R and given ten days to file objections, entry of judgment was premature.

---

[1]This subsection was amended on December 1, 2009 to allow a party fourteen days to file objections upon receipt of the R&R. The amendment has no bearing on this case, which was reviewed by the magistrate judge and the district court in 2008.

In *Kent v. Johnson*, the petitioner did not receive the R&R until two days before judgment was to be entered—incidentally, the district court also erroneously entered judgment two days early, that is, the day petitioner first received the R&R. 821 F.2d 1220, 1223 (6th Cir. 1987). This court, equitably weighing the "interests of justice," excused the tardy filing, in part because of the late date on which petitioner received the R&R. *Id*. Likewise, in *Caley v. Brown*, where the "Michigan Department of Corrections mailed the report and recommendation back to the court, unopened, without giving it to" the petitioner, this court noted the "exceptional circumstances . . . alleged, which, if true, would make it inappropriate" to find the petition barred. 928 F.2d 1132, 1991 U.S. App. LEXIS 5594, at *2–3 (6th Cir. Mar. 28, 1991) (table); *cf. Maples v. Thomas*, 132 S. Ct. 912 (2012).

Baker never received the R&R at all. Where the clerk of court erred in the responsibility to mail a copy of the R&R to petitioner "forthwith," there can be no finding of waiver for failure to file objections. However, this does not prevent the court from considering in this appeal whether each of the remaining grounds of appeal is procedurally defaulted. As in both *Kent* and *Caley*, this court can proceed to address the issue of default, even after finding that petitioner was not able to file objections to the R&R due to a delayed or nonexistent receipt.

**III**

Even though Baker never received a copy of the magistrate judge's R&R and did not have an opportunity to file objections, all of his claims are procedurally defaulted. Because Baker has not shown cause and prejudice, the district court did not err in denying the petition.

A federal habeas petitioner seeking relief from state imprisonment must first exhaust state court remedies. 28 U.S.C. § 2254(b)(1). To comply with the exhaustion doctrine, the petitioner must fairly present the "substance" of his federal habeas claim to the state courts so that the state judiciary has the first opportunity to hear the claim. *Lyons v. Stovall*, 188 F.3d 327, 331 (6th Cir. 1999). If the petitioner may no longer present his claims to a state court because of a procedural default, the petitioner has also forfeited the claims for purposes of federal habeas review absent a showing of "cause" and "prejudice." *McMeans v. Brigano*, 228 F.3d 674, 680 (6th Cir. 2000).

Broadly speaking, "[u]nder the procedural default doctrine, a federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision." *Stone v. Moore*, 644 F.3d 342, 347 (6th Cir. 2011) (internal quotation marks omitted). The court's inquiry proceeds as follows:

> First, there must be a state procedure in place that the petitioner failed to follow. Second, the state court must have actually denied consideration of the petitioner's claim on the ground of the state procedural default. Third, the state procedural rule must be an adequate and independent state ground to preclude habeas review. This inquiry generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. A state procedural rule must be firmly established and regularly followed to constitute an adequate basis for foreclosing habeas review. . . . If these three factors are satisfied, the petitioner can overcome the procedural default by either demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat{ing] that failure to consider the claims will result in a fundamental miscarriage of justice.

*Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431 (6th Cir. 2006) (internal quotation marks and citations omitted).

**A**

The procedural posture of this case is somewhat complicated as there are two distinct paths to attack a conviction in Ohio courts—the direct appeal and the application for reopening the judgment under Ohio Appellate Rule 26(B). On December 15, 2003, the Ohio Court of Appeals affirmed the trial court's judgment. On March 21, 2005, Baker filed a delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals's December 15, 2003 judgment. On May 11, 2005, the Ohio Supreme Court denied this discretionary appeal and dismissed the cause.

On December 21, 2004, prior to filing the delayed appeal to the Ohio Supreme Court, Baker filed an application for reopening the December 15, 2003 judgment pursuant to Ohio Appellate Rule 26(B) in the Ohio Court of Appeals.[2] The application was dismissed on January 27, 2005 by the Ohio Court of Appeals. On February 18, 2005, Baker filed a notice of appeal to the Supreme Court of Ohio from the judgment entered by the Ohio Court of Appeals on January 27, 2005 denying his Rule 26(B) motion to reopen. The Ohio Supreme Court denied this appeal on April 27, 2005, finding the appeal does not involve "any substantial constitutional questions."

With respect to the first ground of relief, ineffective assistance of counsel, Ohio contends that because the notice of appeal was filed later than ninety days from the entry of the judgment—over a year—the claim is procedurally defaulted. Baker "failed to file a timely notice of appeal with the

---

[2] Rule 26(B) provides, in relevant part, "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel." Oh. R. App. 26(B)(1). The rule also provides a ninety-day time limit and requires an applicant to demonstrate "good cause" for an untimely filing. *Ibid*.

Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he failed to demonstrate adequate reasons for his failure to file a timely notice of appeal or to otherwise comply with the provisions of" Ohio Supreme Court Practice Rule 2.2(A)(4)(a). *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).[3]

Petitioner makes two arguments to demonstrate cause and prejudice to excuse the procedural default. First, Baker "evidenced a prompt desire to appeal within the State system, upon [allegedly] learning of a lower State court's unfavourable decision," by quickly filing a motion under Rule 26(B). Appellant Reply Br. at 2. Baker then reasons that because the appeal was filed—albeit untimely under state law—and the Ohio Supreme Court was in fact "fairly presented" with the issues forming the subject matter of Appellant's habeas corpus petition, there is no default. *See Wiley v. Sowders*, 647 F.2d 642, 646 (6th Cir. 1981) ("Exhaustion is satisfied and comity preserved when a federal constitutional claim which arises in a state criminal proceeding is 'fairly presented' to the state court for initial determination.") (citations omitted). In other words, timely receipt of the appeal is unnecessary so long as the court is "fairly presented" with the pleading—apparently at any time.

This argument misreads *Wiley* and is contrary to this circuit's precedents. This court has held that violation of the timeliness requirements of an application for reopening an appeal, *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002), and the timeliness requirements for an appeal to the Ohio Supreme Court, *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), constitute adequate and

---

[3] Petitioner effectively concedes that this claim was procedurally defaulted. Appellant Br. 15. Once a claim is procedurally defaulted, the petitioner must demonstrate "that there was cause for him not to follow at the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Stone*, 644 F.3d at 346 (internal quotation marks omitted).

independent state grounds to preclude hearing an untimely claim on the merits. Further, this approach would vitiate any time limits on filing appeals, so long as the petition is ultimately received and is "fairly presented."

Second, Baker argues that the filing deadline "is effectively tolled until the litigant learns of the unfavourable [*sic*] lower State court decision, where ineffective assistance of counsel leading to the default is one of the issues to be raised." Appellant Reply Br. at 3. Baker contends he did not know about the December 15, 2003 decision of the Ohio Court of Appeals denying his direct appeal until December 21, 2004—over a year later. After December 21, 2004, the date Baker says he constructively learned of the disposition of his direct appeal, he notes that he immediately—the same day, in fact—filed his application for reopening under Rule 26(B). Baker misreads *Smith v. ODRC*, 463 F.3d 426, 435 (6th Cir. 2006). In *Smith*, this court considered a case where a defendant "would have timely appealed," but did not do so because of ineffective representation, "by considering whether the defendant 'promptly expressed a desire to appeal.'" *Id*. at 435. In such cases, the court applies:

> a rebuttable presumption that if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing of an appeal—here, forty-five days—the defendant fails to demonstrate that he or she "would have timely appealed" the decision but for the counsel's deficient failure to notify the defendant of the decision.

*Ibid*. Baker's argument is counterintuitive. Baker alleges that he gained constructive knowledge of the unfavorable lower court decision on December 21, 2004, the same day he filed a motion under

Rule 26(B) to reopen the judgment. December 21, 2004 would seem to be—at the latest—the date on which Baker gained *actual* knowledge.

Even accepting Baker's constructive knowledge date of December 21, 2004, his delayed appeal to the Ohio Supreme Court was still untimely—it was not filed until March 21, 2005, ninety days later. Ohio Supreme Court Rule II § 2(A)(1)(a) requires an appellant to file his notice of appeal of a court of appeals' decision within forty-five days of its journalization. Forty-five days after December 21, 2004—assuming that this was the appropriate start date—would have been February 4, 2005. Baker did not file his notice of appeal to the Supreme Court of Ohio until March 21, 2005. Even if this court were to accept Baker's argument about constructive knowledge, he still would not be able to excuse the untimeliness of his delayed appeal. As this court held in *Smith*:

> Even accepting Smith's assertion and the district court's conclusion that he did not receive notice of the decision of the Ohio Court of Appeals until August 11, 2000, he did not take action to appeal the decision until February 2001, approximately five months after learning of the decision, well beyond the forty-five-day limit allowed under Ohio Supreme Court Rule II § 2(A)(1)(a).

463 F.3d at 435-36.

Like in *Smith*, Baker "has failed to establish prejudice as a result of his counsel's failure to notify him of the Ohio Court of Appeals decision denying his claims, and thus he cannot rely on his counsel's ineffective assistance to overcome the procedural default." 463 F.3d at 436. "[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted . . . ." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Baker's

first ground for relief is procedurally barred, and he has not established cause and prejudice to excuse the default.

## IV

### A

Grounds two through six were not raised as stand-alone claims in the state courts but rather were raised as part of Baker's ineffective assistance of appellate counsel claim in his Rule 26(B) application. Baker argued that his attorney's discussion of these five grounds of error—in a "convoluted statement [where there] is not a single allegation that is . . . specific"—constitutes ineffective assistance. *Ibid.* In other words, any references to the five grounds—unlawful imposition of consecutive sentences, judicial error in failing to declare a mistrial, ineffective assistance of trial counsel in failing to move for mistrial, insufficient evidence to support conviction, and that the convictions were against the manifest weight of the evidence were never presented to the state courts—were only included to the extent that they further the ineffective assistance of appellate counsel claim.

To be "fairly presented," the federal ground must also have been presented under the same theory to the state court. *See Caver v. Straub*, 340 F.3d 340, 346 (6th Cir. 2003). "Relatedness of the issues . . . does not save [petitioner's] claim." *Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001). As in *Lott*, claims raised under the umbrella of ineffective assistance of counsel *in state court* are not the same claim when raised in federal court as trial error. *See Lott*, 261 F.3d at 611–12.

- 10 -

Moreover, Baker argued claims two through six to the Ohio Court of Appeals, but the Ohio Court of Appeals did not reach the merits of the claims because the application was untimely. Instead, the Ohio Court of Appeals held that he had not demonstrated good cause for the application being untimely. Baker applied to the Supreme Court of Ohio, but the Supreme Court denied the application in one sentence, stating that the appeal did not involve any substantial constitutional question. As explained above, we have previously held that an untimely Rule 26(B) application is an adequate and independent state ground that results in a claim being procedurally defaulted. *Monzo*, 281 F.3d at 577–78; *see also Gross v. Warden*, 426 F. App'x 349, 359 (6th Cir. 2011).

**B**

Baker also fails to establish cause and prejudice to excuse the procedural default of his remaining claims. He asserts that his appellate counsel never told him he could appeal to the Supreme Court of Ohio, that he did not receive a copy of his trial transcripts until June 2004, and that he did not learn of the failure of his previous attorney to file a direct appeal until August 30, 2004. Baker made many of these same arguments to the Ohio courts to obtain leave under Rule 26(B) to reopen his appeal—arguments the Ohio courts rejected.

In Baker's Rule 26(B) application, he states that around "ninety days following" the Ohio Court of Appeals's ruling, he sought out the help of a friend outside the prison to obtain transcripts of the trial. This shows that Baker was aware of the lower court's opinion much earlier than December 2004—contrary to his implausible argument that he gained constructive knowledge of the opinion *after* he had begun to take steps to appeal it. In fact, as the Ohio Court of Appeals held,

appellate counsel sent him a letter on August 30, 2004 instructing him that the best avenue for relief was to file an application to reopen the appeal. But Baker did not retain counsel until November 22, 2004 and did not file the application to reopen the appeal until December 21, 2004, more than the ninety days Rule 26(B) allows. Additionally, under Ohio law there was no requirement to attach transcripts to the notice of appeal. In fact, the submission of transcripts was not permissible. Ohio S. Ct. Prac. R. 3.1(D)(1) (noting that all that is permitted to be submitted is "[a] date-stamped copy of the court of appeals opinion and judgment entry being appealed . . . [and] appellant may also attach any other judgment entries or opinions issued in the case, if relevant to the appeal. The memorandum shall not include any other attachments."). There can be no finding of prejudice on these facts.

## C

Finally, Baker fails to establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To succeed, Baker would need to present "new reliable evidence . . . that was not presented at trial." 513 U.S. at 324. Baker has failed to show any new evidence that would satisfy this standard. In short, Baker can show neither cause nor prejudice, and all of his claims are procedurally defaulted.

## V

The district court's judgment denying Baker's petition for habeas corpus relief is AFFIRMED.