Steven **BOARD**, Petitioner–Appellant,

v.

Margaret **BRADSHAW**, Warden, Respondent–Appellee.

No. 14–3199.

United States Court of Appeals, Sixth Circuit.

Nov. 10, 2015.

**ON BRIEF:** Stephanie L. Watson, Office of the Ohio Attorney General, Columbus, Ohio, for Appellee. Steven Board, Mansfield, Ohio, pro se.

Before: KEITH, CLAY, and WHITE, Circuit Judges.

## OPINION

HELENE N. WHITE, Circuit Judge.

Petitioner–Appellant Steven Board appeals the district-court order dismissing his petition for a writ of habeas corpus, 28 U.S.C. § 2254, as untimely under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). This court granted a certificate of appealability on the issue whether Board's unsuccessful motion for leave to file a delayed appeal under Ohio Appellate Rule 5(A) tolled the statute of limitations under § 2244(d)(2).

We hold that it did, and therefore **RE-VERSE** and **REMAND** for further proceedings.

## I.

On September 24, 2010, Board pleaded guilty to one count of drug trafficking with forfeiture specifications, a felony in the first degree, pursuant to a plea agreement. (*See generally* Plea Tr., PID 167–77); *see also* Ohio Rev.Code § 2925.03(A)(2) (2008); *id.* § (C)(4)(f). The charge carried a mandatory prison term of between three and ten years, *see* Ohio Rev.Code § 2929.14(A)(1) (2009), and the plea agreement recommended a seven-year sentence. (*See* Plea Tr., PID 168–70.) On November 4, 2010, the trial court sentenced Board to seven years in prison. (Ohio Trial Ct. Journal Entry, PID 82; *see also* Sentencing Tr., PID 178–85.) Board did not timely appeal his sentence. However, on June 29, 2011, Board filed a pro se notice of appeal and motion for leave to file a delayed appeal under Ohio Appellate Rule 5(A). (Notice of Appeal & 5(A) Mot., PID 83–107.) Board asserted that he failed to timely appeal his sentence because both the trial court and trial counsel failed to inform him of his appellate rights. (Board Mem. in Supp. of 5(A) Mot., PID 102–06.) On July 27, 2011, the Ohio Court of Appeals summarily denied Board's motion. (Ohio App.Ct. Journal Entry, PID 132.) Board appealed the denial to the Ohio Supreme Court on September 12, 2011, (Notice of Appeal, PID 135–36; *see also* Board Mem. in Supp. of 5(A) Appeal, PID 137–52), and the court declined to hear the case on December 21, 2011, dismissing "the appeal as not involving any substantial constitutional question," (Ohio S.Ct. Entry, PID 155).

On March 15, 2012, Board filed the instant § 2254 petition, (Pet., PID 3–7), rais-

ing two grounds for relief: 1) he was denied due process and equal protection when the trial court failed to inform him of his appellate rights and his subsequent motion for leave to file a delayed appeal was denied, and 2) his trial counsel was ineffective for failing to inform him of his appellate rights. (Board Br. in Supp. of Pet., PID 11–17.) Respondent–Appellee Margaret Bradshaw, Warden of Richland Correctional Institution (Respondent) filed a motion to dismiss the petition as time-barred under AEDPA's one-year statute of limitations. (Mot. to Dismiss, PID 48–58.)

A magistrate judge issued a Report and Recommendation finding the petition time-barred. (Report & Rec., PID 199–212.) The magistrate judge determined that 1) Board's lack of knowledge of his appellate rights did not delay the start of the limitations period, and 2) Board was not entitled to equitable tolling.[1] (Id.) Board timely objected to the Report and Recommendation. (Objections to Report & Rec., PID 213–18.) The district court dismissed Board's objections and adopted the Report and Recommendation in its entirety. (District Ct. Op., PID 220–26.)

## II.

We review de novo a district court's dismissal of a habeas petition as time-barred under 28 U.S.C. § 2244. *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003). Board filed his petition after AEDPA became effective; therefore, the Act's one-year statute of limitations applies. *See Searcy v. Carter,* 246 F.3d 515, 517 (6th Cir.2001). AEDPA § 2244(d)(1) provides:

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under § 2244(d)(2), the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Although a motion for leave to file a delayed appeal under Rule 5(A) requests an extension of time in which to file a direct appeal, it is considered part of the

---

1. Although the magistrate judge noted and appears to have accepted Respondent's argument that Board's motion for leave to file a delayed appeal under Rule 5(A) did not toll the statute of limitations, (*see* Report & Rec., PID 207–08), neither the magistrate judge nor the district court directly addressed this issue, (*see id.,* PID 199–212; District Ct. Op., PID 220–26).

collateral review process for purposes of tolling AEDPA's statute of limitations. *See Searcy*, 246 F.3d at 519 (declining to treat motion for leave to file delayed appeal as part of direct review process that would delay start of limitations period, and holding that such motion did not restart limitations period when denied); *see also Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir.2014) (treating request to file delayed appeal as post-conviction or collateral proceeding that tolled AEDPA's statute of limitations); *Applegarth v. Warden N. Cent. Corr. Inst.*, 377 Fed. Appx. 448, 449 (6th Cir.2010) (observing that motions for leave to file delayed appeal, including under Rule 5(A), " 'are not part of the direct appeal' for the purposes of § 2244(d)(1)") (citation omitted); *Di-Cenzi v. Rose*, 452 F.3d 465, 468–69 (6th Cir.2006) (noting *Searcy*'s holding that motions for leave to file delayed appeals are not part of direct review process for purposes of § 2244(d), and treating such motion as collateral motion that tolled AEDPA's statute of limitations). "[A]n application is *'properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir.2004). "These [rules] usually prescribe, for example, . . . the time limits upon its delivery." *Vroman*, 346 F.3d at 603 (quoting *Artuz*, 531 U.S. at 8, 121 S.Ct. 361) (second alteration in original).

## III.

### A.

Board's sentence became final on December 6, 2010, when the period for seeking direct review of his sentence expired. *See* 28 U.S.C. § 2244(d)(1)(A); Ohio App. R. 4(A).[2] Two hundred and five days elapsed between that date and June 29, 2011, the date Board filed his Rule 5(A) motion for leave to file a delayed appeal. If Board's motion was a "properly filed" motion for collateral relief, it tolled AEDPA's statute of limitations from that date until December 21, 2011, when the Ohio Supreme Court dismissed Board's appeal of the denial of his 5(A) motion. *See Evans v. Chavis*, 546 U.S. 189, 191, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law.").[3] Another eighty-five days elapsed between the Ohio Supreme Court's dismissal of Board's appeal on December 21, 2011, and the filing of the instant petition on March 15, 2012; excluding the period during which Board's Rule 5(A) motion was pending, a total of 290 days elapsed between the time his sentence became fi-

---

2. Board had thirty days from the trial court's entry of judgment on November 4, 2010 to file a notice of appeal. Ohio App. R. 4(A). Thirty days from the date the trial court journalized Board's sentence was December 4, 2010, a Saturday. Therefore, Board's time to appeal his sentence expired the following Monday—December 6, 2010. *See* Ohio App. R. 14(A).

3. Respondent does not dispute that Board's appeal of the denial of his Rule 5(A) motion to the Ohio Supreme Court was timely. Under Ohio's Supreme Court Practice Rules, a jurisdictional appeal must be filed within 45 days of the entry of judgment being appealed. Ohio S.Ct. Prac. R. 7.01(A)(1)(a)(i). The Ohio Court of Appeals denied Board's motion on July 27, 2011. Because the forty-fifth day after this date was Saturday, September 10, Board's notice of appeal was timely filed on September 12, 2011. *See* Ohio S.Ct. Prac. R. 3.03.

nal and the date he filed his § 2254 petition. Thus, if Board's Rule 5(A) motion is a "properly filed" motion for collateral relief under § 2244(d)(2), his petition is timely.

## B.

Rule 5(A) provides an exception to the usual thirty-day time limit for filing direct appeals in certain types of cases, including criminal proceedings. Ohio App. R. 5(A)(1); *see also Stone v. Moore*, 644 F.3d 342, 346 (6th Cir.2011). Rule 5(A) prescribes the following requirements for filing a motion thereunder:

> A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

Ohio App. R. 5(A)(2). There is no time limit for filing motions under Rule 5(A). *See id.; see also Searcy*, 246 F.3d at 519 ("Leave to file a late notice of appeal can be sought at any time, even many years after conviction.") (citation omitted).

Board argues that because he filed his motion in accordance with the terms of Rule 5(A) at a time when the statute of limitations had still not run, the motion tolled the limitations period even though the Ohio Court of Appeals ultimately denied relief. (Board Br. 7–10.) This Circuit has repeatedly found that although an unsuccessful motion for leave to file a de-

layed appeal cannot restart the AEDPA limitations period, it may toll the limitations period while it is pending. *See Searcy*, 246 F.3d at 519 ("We . . . hold, as did the district court, that although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion."); *see also Anderson*, 562 Fed.Appx. at 430 (finding that petitioner's request to file a delayed appeal "may toll the statute of limitations, but does not restart it"); *Applegarth*, 377 Fed.Appx. at 450 ("The Rule 5(A) motion tolled the clock until at least January 26, 2006, when the court of appeals denied the motion."); *DiCenzi*, 452 F.3d at 468 ("[A] motion for delayed appeal . . . if properly filed, . . . toll[ed] the statute during the time the motion was pending.").

Respondent concedes that *Searcy* and subsequent cases have allowed for tolling under these circumstances, but argues that *Searcy*'s statement is dicta, and later Supreme Court cases, *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), and *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007) (per curiam), compel a different result. (*See* Resp't Br. 5–8, 13–23.) We disagree.

In *Pace*, the Supreme Court considered "whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed," 544 U.S. at 413, 125 S.Ct. 1807 (citation and internal quotation marks omitted), a question the Court had reserved in *Artuz v. Bennett*, 531 U.S. at 8 n. 2, 121 S.Ct. 361, which focused on whether time limits for filing post-conviction petitions are "conditions to filing" that would render an untimely petition not "properly filed." The *Pace* Court held that such time limits were a condition of filing, and that "a petition filed after a time

limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." 544 U.S. at 413, 125 S.Ct. 1807. Therefore, the Court held "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414, 125 S.Ct. 1807 (quoting *Carey v. Saffold,* 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)) (alteration in original). Two years later, in *Allen,* the Supreme Court considered whether a post-conviction motion rejected as untimely under a state rule that treats timeliness as an affirmative defense should be considered "properly filed" under § 2244(d)(2). *Allen,* 552 U.S. at 4–6, 128 S.Ct. 2. The Court held that *all* time limits—"[w]hether ... jurisdictional, an affirmative defense, or something in between"—are "conditions to filing," and therefore an untimely petition cannot be "properly filed," regardless of how the time limit operates procedurally. *Id.* at 5–7, 128 S.Ct. 2.

Respondent argues that because Rule 5(A) operates as an exception to the time limit for filing a direct appeal provided in Ohio Appellate Rule 4(A), a court's denial of a Rule 5(A) motion renders it untimely, and therefore not "properly filed." Thus, Respondent contends, an unsuccessful Rule 5(A) motion cannot toll the statute of limitations under § 2244(d)(2). (Resp't Br. 19–23.) However, unlike in *Pace* and *Allen,* there is no time limit for filing a motion for leave to file a delayed appeal under Rule 5(A); in contrast to these cases, Board's Rule 5(A) motion was timely under state law. *See* Ohio App. R. 5(A); *see also Searcy,* 246 F.3d at 519. Moreover, although Rule 5(A) provides an exception to the time limit established in Rule 4(A), it is a vehicle for collateral relief through which a movant can seek to extend the time to file a *direct appeal.*

Therefore, to the extent Rule 5(A) contains an exception, that exception is to the time limit for filing a direct appeal, not the Rule 5(A) motion itself. In both *Pace* and *Allen,* the time limits and exceptions at issue governed the filing of applications for post-conviction relief, and the petitions in those cases were untimely under the post-conviction filing requirements. *See Allen,* 552 U.S. at 4, 6, 128 S.Ct. 2; *Pace,* 544 U.S. at 410–11, 411 n. 1, 125 S.Ct. 1807. This is not the case here.

Respondent relies on *Stone v. Moore,* 644 F.3d at 347, to argue that "[f]ederal courts routinely consider a state court's summary denial of a Rule 5(A) ... motion for leave to file a delayed appeal ... as a sufficient clear and express statement that the pleading was untimely filed." (Resp't Br. 28–29.) At issue in *Stone,* however, was whether the state court of appeals' denial of the petitioner's Rule 5(A) motion could serve as a procedural bar to consideration of the petitioner's claims on federal habeas review. *See Stone,* 644 F.3d at 345–46. This court noted that "[g]enerally under Ohio law, to succeed on a Rule 5(A) motion for delayed appeal, a defendant must demonstrate cause for both the delay itself, and the length of delay." *Id.* at 346 (citations omitted). Although the court described Stone's failure to adequately account for the six-year delay in filing his Rule 5(A) motion as an indication that his motion was untimely, *see id.* at 348, it is clear that this delay merely prevented Stone from obtaining relief under Rule 5(A), with the result that the issue raised was procedurally defaulted; nowhere does the court imply that the delay rendered Stone's 5(A) motion improperly filed, since that provision has no time limits. Thus, *Stone* does not shed light on the tolling issue before us.

To the extent Respondent contends that this court should construe the requirement

that a movant provide a reason for the delay in filing a Rule 5(A) motion as a time limit to filing such a motion, that argument fails. The Supreme Court has distinguished between time limits that constitute conditions to filing and those that are conditions to obtaining relief, explaining that failure to satisfy the latter does not render an application for post-conviction relief improperly filed. *See Artuz,* 531 U.S. at 10–11, 121 S.Ct. 361; *see also Goins v. Saunders,* 206 Fed.Appx. 497, 500 (6th Cir.2006) ("[A] procedurally barred state filing *could* toll the statute of limitations as long as the procedural bar at issue was a restriction on obtaining relief rather than a restriction on filing."). To obtain relief under Rule 5(A), a movant must include in the motion an explanation of the cause for the delay and the length of the delay. *See Stone,* 644 F.3d at 346. Once the movant has provided these explanations, the conditions to filing the Rule 5(A) motion have been satisfied. *See* Ohio App. R. 5(A). Whether the court of appeals accepts or rejects those explanations affects only the relief granted. *See Stone,* 644 F.3d at 346; *see also State v. Yates,* No.2004–A0028, 2004 WL 2047560, at *1–2 (Ohio Ct.App. Sept. 10, 2004). Further, we do not find persuasive Respondent's argument that this court should be consistent in its treatment of Rule 5(A) motions for purposes of tolling and procedural default. (Resp't Br. 28–31.) "[I]n common usage, the question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Artuz,* 531 U.S. at 9, 121 S.Ct. 361. Therefore, that a Rule 5(A) motion contains procedurally barred claims is not dispositive of whether it is properly filed under § 2244(d)(2). *See id.* at 8–10, 121 S.Ct. 361; *see also Palmer v. Carlton,* 276 F.3d 777, 779 (6th Cir.2002).

Relying on *DiCenzi v. Rose,* 452 F.3d at 469, Respondent further argues that "this Court has already acknowledged that the state's denial of a motion for leave to file a delayed appeal in the Supreme Court of Ohio would preclude AEDPA tolling," and therefore this court should similarly treat motions filed under Rule 5(A). (Resp't Br. 22–23). However, *DiCenzi* does not so hold. To the contrary, the court observed that the petitioner's motion for leave to file a delayed appeal to the Ohio Supreme Court tolled AEDPA's statute of limitations while the Ohio court considered the motion, *DiCenzi,* 452 F.3d at 468–69, and held that once the Ohio Supreme Court granted the petitioner's motion, the limitations period remained tolled although the court ultimately dismissed the appeal, *id.* at 469. The court did not hold that the limitations period would not have been tolled while the motion was pending had the Ohio Supreme Court denied the petitioner's motion for leave to file a delayed appeal.

Respondent relies on *DiCenzi* 's citation of *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir.2004), and its description of the holding of *Bonilla* as "distinguishing between the denial of a motion to file a delayed appeal in the Ohio Supreme Court, a state procedural decision that would preclude tolling, and the granting of the motion to file the appeal but subsequent dismissal on the jurisdictional merits of the case, a decision on the merits that would not preclude tolling." (*See* Resp't Br. 23 (citing *DiCenzi,* 452 F.3d at 469).) This statement does appear to support Respondent's position. However, the quoted statement conflicts with the *DiCenzi* court's earlier observation that the motion for delayed leave tolled the running of the AEDPA statute of limitations. More importantly, the statement finds no support in *Bonilla* itself. *Bonilla* did not address tolling or timeliness; rather, it held that

denial of a motion for delayed appeal could constitute a procedural bar that would preclude federal review of the petitioner's claims. *See* 370 F.3d at 497. Thus, neither *Stone* nor *DiCenzi* support Respondent's position.

Respondent further argues that consistency requires us to treat Rule 5(A) motions similarly to motions for post-conviction relief under Ohio Revised Code § 2953.21 and applications to reopen an appeal under Ohio Appellate Rule 26(B), and that because this court does not treat untimely motions for relief under those statutes as "properly filed" for purposes of tolling under § 2244(d)(2), we similarly should not find that untimely Rule 5(A) motions toll the statute of limitations. (Resp't Br. 23–26.) However, the word "untimely" is key; motions for post-conviction relief under Ohio Revised Code § 2953.21 and applications to reopen direct appeal under Rule 26(B) both have time limits to filing. *See* Ohio Rev.Code § 2953.21(A)(2); Ohio App. R. 26(B)(1). Therefore, it is possible for those motions or applications to be denied as untimely. In contrast, Rule 5(A) motions can be filed at any time. Thus, contrary to Respondent's argument, allowing unsuccessful Rule 5(A) motions to toll AEDPA's statute of limitations under § 2244(d)(2) creates no inconsistency.

Finally, we note that although Rule 5(A) has no time limit, § 2244(d) does. The law is clear that an unsuccessful Rule 5(A) motion filed after the expiration of AEDPA's one-year limitations period does not restart the expired statutory period. However, Respondent cites no case holding that the one-year limitations period is not tolled during the pendency of a Rule 5(A) motion filed within the one-year period.

In sum, Board filed his motion in compliance with the terms of Rule 5(A). It was therefore "properly filed," although ultimately unsuccessful. The motion tolled the statute of limitations under § 2244(d)(2), rendering his petition for federal habeas relief timely.[4] The district court erroneously dismissed the petition as time-barred.

### IV.

For the foregoing reasons, we **REVERSE** the district court's judgment and **REMAND** the case for further proceedings.

---

4. Though Respondent also argues that Board is not entitled to equitable tolling, (*see* Resp't Br. 35–38), we need not address this issue, since we find that Board's petition was timely.