RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0156p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

YAQOB TAFAN THOMAS,

        *Petitioner-Appellant,*

    *v.*

JOSEPH P. MEKO, Warden,

        *Respondent-Appellee.*

No. 14-6227

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 5:11-cv-00148—William O. Bertelsman, District Judge.

Argued: March 7, 2016

Decided and Filed: July 7, 2016

Before: KETHLEDGE, DONALD, and ROTH, Circuit Judges.[*]

_____

**COUNSEL**

**ARGUED:** William Neal, UNIVERSITY OF TENNESSEE COLLEGE OF LAW, Knoxville, Tennessee, for Appellant. James C. Shackelford, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee. **ON BRIEF:** William Neal, Lucille A. Jewel, UNIVERSITY OF TENNESSEE COLLEGE OF LAW, Knoxville, Tennessee, for Appellant. James C. Shackelford, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee.

_____

[*]The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

———————————

**OPINION**

———————————

KETHLEDGE, Circuit Judge.  A Kentucky jury found Yaqob Thomas guilty of murder and evidence-tampering.  Thomas filed successive applications in state court for relief from his conviction.  When those applications failed, he submitted an application for a writ of habeas corpus in federal district court.  The district court dismissed Thomas's application as untimely after concluding that Thomas's second state-court application for relief had not been "properly filed" and thus did not toll the limitations period for Thomas's federal habeas application.  We respectfully disagree and reverse.

In December 2002, Thomas joined Gregory Baltimore and Dionte Burdette at a Waffle House in Lexington, Kentucky to eat dinner and complete a cocaine sale.  Baltimore had arranged the transaction so that Thomas would pay Burdette $7,000 for seven ounces of cocaine and pay Baltimore a $2,000 "agent's fee."  After they finished eating, they walked to Burdette's SUV in the restaurant parking lot.  Thomas sat in the back seat; Burdette and Baltimore sat up front.  Soon Thomas grabbed Burdette by the neck, held a handgun to his head, and demanded that Burdette turn over his cocaine.  When Burdette refused, Thomas shot him in the knee and again demanded the cocaine.  Burdette said that he did not have the cocaine and that another man, waiting across the street, did.  Thomas then shot Burdette three times in the chest, fled with Baltimore on foot, and threw his handgun into the woods.  Burdette later died at a hospital.

At Thomas's November 2004 murder trial, the Commonwealth presented testimony from Baltimore and Burdette's mother, Donna Brooks, to whom Thomas had confessed.  The jury found Thomas guilty and the trial court sentenced him to 40 years in prison.  In January 2006, the Kentucky Supreme Court affirmed Thomas's conviction and sentence.

In May 2006, Thomas filed a motion to vacate his criminal judgment on grounds of ineffective assistance of counsel.  He presented his motion under Kentucky Rule of Criminal Procedure 11.42, which requires that the movant "state all grounds for holding the sentence invalid of which the movant has knowledge.  Final disposition of the motion shall conclude all

issues that could reasonably have been presented in the same proceeding." Ky. R. Crim. P. 11.42(3). The trial court denied Thomas's motion, the court of appeals affirmed, and in October 2008 the Kentucky Supreme Court declined review.

In March 2009, Thomas filed another motion for post-conviction relief, alleging that he had recently discovered evidence (namely, Burdette's funeral program) that prosecutors had failed to produce to Thomas and that Thomas says he could have used to impeach Brooks's testimony. This time, Thomas argued that he had a right to relief under multiple procedural provisions, including Kentucky Rule of Criminal Procedure 11.42 and Kentucky Rule of Civil Procedure 60.02. The latter rule (which resembles Federal Rule of Civil Procedure 60 in some respects) permits relief from a judgment where the movant presents "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial[,]" or presents "any other reason of an extraordinary nature justifying relief." Ky. R. Civ. P. 60.02(b), (f). Unlike Rule 11.42, Rule 60.02(f) contains no bar on successive motions.

In January 2010, the trial court denied Thomas's filing on the merits. It first interpreted Thomas's filing as separate motions: one under Rule 11.42 and another under Rule 60.02. As to the Rule 11.42 motion, the court held that the prosecution's alleged failure to hand over impeachment evidence had not prejudiced Thomas at trial: "the Court absolutely make[s] a Finding of Fact and Conclusion of Law that this information, even if brought out at the trial of this case, would not establish, by any stretch of the imagination, a reasonable probability that the result of the trial would have been different." As to Thomas's Rule 60.02 motion, the court held that Thomas's allegations "add nothing that remotely justif[ies] any relief to Thomas. . . . It is absolutely crystal-clear that Thomas has not established anything remotely close to a showing that would justify the relief sought in this case[.]"

In June 2011, the Kentucky Court of Appeals affirmed. Unlike the trial court, the Court of Appeals held that Thomas's Rule 11.42 motion was "procedurally bar[red]" by the rule against successive motions for relief because Thomas "was certainly aware of the existence of the funeral program prior to his first" motion for post-conviction relief. But the Court of Appeals adjudicated Thomas's Rule 60.02 motion on the merits, finding "no merit in [Thomas's] claims" and concluding that the trial court had not "abused its discretion in denying relief."

Meanwhile, in April 2011—shortly before the Kentucky Court of Appeals issued its ruling—Thomas filed a habeas application in federal district court, as well as a motion to hold his federal proceedings in abeyance pending the resolution of his state-court proceedings. The district court granted that motion.

Thomas's state-court proceedings finally ended in August 2013, when the Kentucky Supreme Court denied review of Thomas's Rule 11.42 and 60.02 motions. In federal district court, Thomas then sought to amend his application for habeas relief. Warden Joseph Meko objected, arguing that Thomas's habeas application was untimely. The district court agreed and dismissed the application after concluding that Thomas's "second post-conviction motion for collateral relief did not toll the [federal habeas] statute of limitations" because the motion was "not properly filed" in state court.

We review de novo the district court's dismissal of Thomas's application. *Board v. Bradshaw*, 805 F.3d 769, 771 (6th Cir. 2015). The federal habeas statute provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Subject to exceptions not applicable here, that period is measured from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* Here, that date was April 19, 2006, when Thomas's time to petition for certiorari review of his conviction in the U.S. Supreme Court expired. The limitations period for Thomas's federal habeas petition thus began running on that date.

But the limitations clock soon stopped. The habeas statute provides that the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). About a month after Thomas's criminal judgment became final, Thomas filed his first state-court motion for post-conviction relief. That motion was properly filed—thus tolling the limitations period—and remained pending until October 2008, at which point the clock for his federal limitations period began running again. Five months later, in March 2009, Thomas filed a second round of state-court motions for post-conviction relief, which, if properly filed, again tolled his limitations period. *Id.* Thomas did not file his federal habeas petition until

another two years later, at which time his March 2009 motions remained pending. Thus, if his March 2009 motions were "properly filed" as that term is used in § 2244(d)(2), his federal habeas petition was timely; if not, then not.

The question whether an application for state post-conviction relief was properly filed is "quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Artuz v. Bennett*, 531 U.S. 4, 9 (2000) (emphasis in original). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* at 8 (emphasis omitted). Thus, a state-court application can be properly filed even when the claims within it were not "properly *presented* or *raised*." *Id.* at 10 (emphasis in original). For example, an application might consist entirely of claims that are procedurally defaulted, and yet—depending on the terms of the state rule—the application itself would be properly filed. *Id.* at 9.

Here, the state trial court construed Thomas's March 2009 application for post-conviction relief as two motions arising separately under Rule 11.42 and Rule 60.02. The court then rejected both motions on the merits. The Court of Appeals likewise rejected Thomas's 60.02 motion on the merits, but held that his 11.42 motion was successive and thus procedurally barred. (Although a procedural bar does not necessarily equate to a rule governing filings, the Kentucky courts seem to treat Rule 11.42(3) that way, and in any event Thomas conceded at oral argument that his 11.42 motion was not properly filed.) Thus, neither the trial court nor the Kentucky Court of Appeals rejected Thomas's 60.02 motion on the ground that it failed to comply with state "laws and rules governing filings." *Artuz*, 531 U.S. at 8. Instead both courts rejected that motion on the merits. Hence the 60.02 motion was "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).

The warden responds that Thomas's Rule 60.02 motion was an obvious attempt to circumvent the bar of Rule 11.42(3), and that we should therefore treat his 60.02 motion as improperly filed. But the Kentucky courts can police their own rules. Just as federal courts sometimes construe a motion under Fed. R. Civ. P. 60(b) as a successive petition for purposes of 28 U.S.C. § 2244, *see, e.g.*, *Calderon v. Thompson*, 523 U.S. 538, 547 (1998), so too the Kentucky courts could have construed Thomas's March 2009 filing as a single motion whose

filing was barred by Rule 11.42(3).  Instead, they treated the filing as two separate motions—and denied Thomas's Rule 60.02 motion on the merits without ever suggesting that the motion was improperly filed.

The warden also cites *Williams v. Birkett*, 670 F.3d 729 (6th Cir. 2012), but that decision only underscores the weakness of the warden's argument here.  In *Williams*, this court held that a Michigan rule against successive motions for state post-conviction relief was a rule governing the filing of such motions.  But that rule explicitly instructs state courts to "*return without filing* any successive motions for relief from judgment."  Mich. Ct. R. 6.502(G)(1) (emphasis added); *see Williams*, 670 F.3d at 730 ("Michigan law does not allow *the filing* of second motions for post-conviction relief") (emphasis added).  Kentucky Rule 11.42(3) says nothing of the sort here.  Instead Rule 11.42(3) sets forth a rule of res judicata:  "[f]inal disposition of [a post-conviction] motion shall conclude all issues that could reasonably have been presented in the same proceeding."  Ky. R. Crim. P. 11.42(3).

Rules governing filings, in the main, speak to the court clerk; rules setting forth a procedural bar speak to the court itself.  (Statutes of limitations are the exception, since they are handled by the courts but considered a filing rule for this purpose.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).  And by the Kentucky courts' own description in this case, Rule 11.42(3) is a "procedural bar" prohibiting Thomas from obtaining relief on claims he could have raised in earlier proceedings.  *Thomas v. Commonwealth*, No. 2010–CA–000227–MR, 2011 WL 2553519, at *3 (Ky. Ct. App. June 10, 2011).  Thus, as applied by the Kentucky courts here, Rule 11.42(3) did not preclude Thomas from filing a motion to vacate his judgment under Ky. R. Civ. P. 60.02(f).

The district court's judgment is reversed, and the case remanded for further proceedings consistent with this opinion.