RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 26a0072p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

RICKY LEE WELCH,

                            *Petitioner-Appellant*,

         *v.*

LAURA PLAPPERT, Warden,

                            *Respondent-Appellee*.

                     No. 24-6022

─────────────

Appeal from the United States District Court for the Eastern District of Kentucky at Frankfort.
No. 3:23-cv-00059—Gregory F. Van Tatenhove, District Judge.

Argued: January 28, 2026

Decided and Filed: March 9, 2026

Before: SUTTON, Chief Judge; STRANCH and LARSEN, Circuit Judges.

─────────────

## COUNSEL

─────────────

**ARGUED:** Kristina Alekseyeva, MILBANK LLP, Washington, D.C., for Petitioner. John H. Heyburn, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee. **ON BRIEF:** Kristina Alekseyeva, Neal Kumar Katyal, MILBANK LLP, Washington, D.C., for Petitioner. John H. Heyburn, Matthew F. Kuhn, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee.

─────────────

## OPINION

─────────────

SUTTON, Chief Judge. A Kentucky jury found Ricky Lee Welch guilty of several offenses in 2017. He filed a federal habeas corpus petition challenging his conviction in 2023 after exhausting the Kentucky post-conviction process. Federal law imposes a one-year statute

of limitations on federal habeas petitions seeking relief from state convictions. That limitations period, however, does not run while a prisoner's timely application for post-conviction relief is "pending" in state courts. After a state trial court rejected his motion for post-conviction relief, Welch filed a motion for belated appeal six weeks after the 30-day deadline to file a notice of appeal. This apparent untimeliness led the district court to hold that the federal tolling provision did not apply to the time he spent pursuing the state appeal, barring Welch's federal petition. We disagree because Welch's appeal fit into a well-established state-law exception to Kentucky's timeliness rules. Because Welch satisfied this exception, his petition remained "pending" and thus tolled the one-year clock. For this reason and others elaborated below, we reverse the district court's contrary conclusion.

I.

In 2017, a Kentucky jury convicted Ricky Lee Welch of robbery, kidnapping, and burglary, as well as of being a persistent felony offender. The court sentenced him to 50 years in prison. Welch appealed his conviction to the Kentucky Supreme Court but to no benefit.

Welch sought relief through Kentucky's procedures for collaterally attacking a criminal conviction. In June 2019, he moved to vacate his conviction on the ground that his trial counsel provided constitutionally deficient representation. The court appointed him counsel, held an evidentiary hearing, and denied his motion in May 2020.

Kentucky law generally requires litigants to file an appeal from an adverse decision within 30 days. *See* Ky. R. Crim. P. (RCr) 12.04(3). Welch's court-appointed counsel, Kara Stinson Lewis, failed to do so, later explaining that she neglected to submit a timely notice of appeal due to the COVID-19 pandemic. A Kentucky procedure provides an exception to the general deadline for appeals if the delay results from the actions (or inactions) of deficient counsel. *See Moore v. Commonwealth*, 199 S.W.3d 132, 136–39 (Ky. 2006). On July 27, 2020, Welch filed a motion requesting a belated appeal under this procedure. The court granted the motion and agreed to hear his claims on the merits.

The state appellate court affirmed the trial court's denial of Welch's post-conviction motion in October 2022. The appellate court denied Welch's motion for rehearing, and the Kentucky Supreme Court declined to review the case in June 2023.

Welch filed a federal habeas petition on July 28, 2023, alleging ineffective assistance of trial counsel. *See* 28 U.S.C. § 2254. The district court dismissed Welch's petition as untimely. Welch appealed, and this court granted Welch a certificate of appealability, explaining that, because "Kentucky allows exceptions to the normal 30-day appeal period" and one of those exceptions "applies to Welch," he was "arguably entitled" to tolling. *Welch v. Plappert*, No. 24-6022, slip op. at 4–5 (6th Cir. Apr. 10, 2025).

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 requires an inmate challenging a state conviction to file a federal habeas petition within one year after the state judgment becomes final. 28 U.S.C. § 2244(d)(1). The time limit comes with exceptions. Among others, the Act pauses the limitations period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

The key words for today's purposes are "properly filed" and "pending." Section 2244 conditions *initial* tolling on whether a prisoner "properly filed" his "application for State post-conviction" review. An appeal is not an "application" for relief, as § 2244 consistently uses the word "application" to refer to an initial habeas petition. *See id.* § 2244(a), (b)(1), (b)(2), (b)(3), (b)(4), (d)(1). No one disputes that Welch "properly filed" his initial state habeas petition when he moved to vacate his sentence in June 2019. Because he filed his initial habeas action on time, no one contests the tolling of the one-year clock with respect to that time period.

Section 2244 conditions *appellate* tolling on whether his petition for collateral relief remained "pending" in Kentucky court after the trial court denied relief. *Id.* § 2244(d)(2). "[A]n application is pending" for purposes of § 2244(d)(2) "as long as the ordinary state collateral review process is 'in continuance'—*i.e.*, 'until the completion of' that process." *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). That generally includes the pendency of an appeal to a

state appellate court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007). But the Supreme Court has added a qualification. A state post-conviction application is "no longer . . . 'pending'" if a petitioner appeals "in an untimely way," "regardless of whether" the state appeals court proceeds to "address[] the merits of the claim." *Saffold*, 536 U.S. at 225–26. A state post-conviction application thus remains "pending" during the "period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006).

Gauging timeliness under state law involves more than checking a calendar and adding or subtracting days. States sometimes carve out exceptions to their timeliness requirements. If a petitioner's otherwise-tardy appeal "fit[s] within any exception[]" to a state time limit, the application remains "pending" and the federal habeas clock remains paused. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

Welch's appeal comes within an exception. While the Kentucky Rules of Appellate Procedure generally require criminal defendants to appeal a conviction within 30 days, Ky. RAP 3(A)(1), they contain several exceptions. One of them incorporates exceptions "recognized by case law." *Id*. 3(D). In this instance, Welch invokes a common law exception that requires appellate courts to hear direct appeals in which "no appeal ha[s] been timely commenced" when the "failure to comply" with the deadline results from "the lack of effective assistance of counsel to prosecute the appeal." *Commonwealth v. Wine*, 694 S.W.2d 689, 693–94 (Ky. 1985). The point of the exception, as originally envisioned, was to prevent a Sixth (and Fourteenth) Amendment violation from arising whenever a lawyer fails to satisfy the 30-day deadline for filing a requested direct appeal from a criminal conviction, the remedy for which, at least under federal law, would be to permit the appeal anyway. *See id.* at 695 (citing *Douglas v. California*, 372 U.S. 353 (1963), and *Evitts v. Lucey*, 469 U.S. 387 (1985)). But Kentucky did not leave it at that. In 2006, the Kentucky Supreme Court extended this exception to post-conviction proceedings, where the Sixth (and Fourteenth) Amendment does not apply. *See Moore*, 199 S.W.3d at 136–39. This approach, the Court reasoned, respects a defendant's state-law right to counsel in post-conviction proceedings. *Id.* Welch fits squarely within this

exception, one that the Kentucky Rules of Appellate Procedure expressly contemplate, and thus his appeal remained "pending" during this period.

Supporting this conclusion is the reality that "[t]he timely filing of a notice of appeal is jurisdictional" under Kentucky law, Ky. RAP 2(A)(2), and "subject only to well-defined exceptions," *Bruenger v. Miller*, 706 S.W.3d 247, 261 (Ky. 2024). Because a Kentucky "appellate court may not consider an appeal in which a timely notice of appeal has not been filed," *Long v. Dep't of Revenue*, 718 S.W.3d 868, 880 (Ky. 2025), the Kentucky courts' decision to hear Welch's appeal shows that it satisfied the timing rules under Kentucky law.

Also supporting this conclusion is a brace of Sixth Circuit cases. We faced a similar exception provided by Ohio law and resolved it in a similar way each time. Ohio permits a litigant to file "a motion for delayed appeal." *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). In addressing a similar argument by the State of Ohio, we ruled that its belated-appeal procedure tolls the federal habeas limitation period "during the time the motion was pending." *Id.*; *see also Board v. Bradshaw*, 805 F.3d 769, 773 (6th Cir. 2015). Because the Ohio and Kentucky procedures function as clearly established exceptions to state timeliness rules, both of them stop the twelve-month federal habeas clock from running while the state court considers the motion and, if the motion is granted, the subsequent appeal. *See DiCenzi*, 452 F.3d at 468; *Board*, 805 F.3d at 773. Notably, such motions serve only to *toll* the limitation period; they do not resuscitate it. If an inmate's twelve-month federal habeas clock has run before he files his motion for belated appeal, the motion "does not restart the statute of limitations," and he remains time-barred from filing a federal petition. *DiCenzi*, 452 F.3d at 468.

Several other courts of appeals faced similar situations involving belated-appeal rules under state law, and each of them handled the issue in a similar way. *See, e.g.*, *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 87–88 (3d Cir. 2013) (tolling the one-year federal habeas clock based on the Pennsylvania Supreme Court's practice of "extend[ing] the time to file petitions for allowance of appeal"); *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009) (tolling the one-year federal habeas clock under a Missouri law that allows "motion[s] for leave to file a notice of appeal out of time"); *Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000) (tolling the one-year federal habeas clock under an Oklahoma law that permits

"motion[s] for leave to appeal out of time"); *Williams v. Crist*, 230 F. App'x 861, 862–63, 868 (11th Cir. 2006) (tolling the one-year federal habeas clock because Florida courts accepted and granted a "motion for belated appeal").

Measured by these requirements, Welch filed his federal habeas petition on time. His appeal comes within a well-established timeliness exception under Kentucky law. Welch's motion to file a belated appeal invoked the Kentucky Supreme Court's decision in *Moore* and requested that the court "allow him to proceed with a belated appeal" under the deficient-counsel exception. App'x 1. By granting Welch's motion, the court decided that the exception applied to his case. All of this allowed his state collateral relief petition to remain "pending" during the appeal process.

At the same time, the twelve-month federal habeas clock did not run before he invoked Kentucky's belated-appeal procedure. Welch's state judgment became final on March 13, 2019. He properly filed his collateral review application to vacate his conviction in state trial court on June 18, 2019, tolling the federal statute of limitations after 96 days expired. The trial court denied his motion, and his deadline to appeal fell on June 12, 2020. Because he did not file a notice of appeal by then, the federal statute of limitations began to run the next day. *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). That clock stopped again when Welch filed his motion for a belated appeal on July 27, 2020. *See Board*, 805 F.3d at 773. At that point, an additional 44 days had passed, meaning that a total of 140 days had run against the one-year limit. Welch's time limit remained tolled during the pendency of his appeal, restarting the day after the Kentucky Supreme Court declined to review his case on June 7, 2023. *See Holbrook*, 833 F.3d at 617. The clock continued running until Welch filed his § 2254 petition in federal district court on July 28, 2023, 50 days later. By the time Welch filed his federal petition, 190 days had run on the 365-day clock. That made Welch's federal habeas petition timely.

The Commonwealth tries to counter this conclusion in several ways. It first worries that allowing belated appeals to toll the federal habeas period of limitations risks undermining the Antiterrorism and Effective Death Penalty Act's goal of "limiting federal habeas relief and advancing the finality of criminal convictions." Appellee's Br. 27. That is a fair point. But our

analysis respects the word "pending" in the Act, honors the Supreme Court's interpretation of that term, and preserves an outer limit—twelve months—for delayed appeals by prohibiting a litigant from resuscitating the clock if it has already run. A belated appeal, to repeat, may toll a prisoner's federal habeas clock; it may not resuscitate it. Once the one-year clock has run, a belated appeal cannot save it. *See DiCenzi*, 452 F.3d at 468. In this way, our reasoning and holding honor rather than undermine the Act's emphasis on finality.

The Commonwealth submits that this approach misapprehends Kentucky law. It contends that the belated-appeal rule is not "an 'exception' to the deadline to appeal" but a mechanism for "dictating the available remedies for an improper appeal under certain circumstances." Appellee's Br. 18. Kentucky courts, as the Commonwealth points out, refer to belated appeals as untimely. *See Moore*, 199 S.W.3d at 136 (belated appeal appropriate where "a timely notice of appeal ha[s] never been filed"); App'x 17 (Welch "fail[ed] to timely file" the appeal). But in focusing on the labels that Kentucky courts sometimes use in discussing the belated-appeal rule, the Commonwealth overlooks the requirement that "we look to how a state procedure functions, rather than the particular name that it bears." *Saffold*, 536 U.S. at 223. The key reality is that the Kentucky Rules of Procedure permit this exception to the 30-day rule by saying that litigants attempting to file a tardy appeal may receive "any relief recognized by case law," Ky. RAP 3(D), relief that includes the belated-appeal procedure. And the fact that Kentucky courts treat time limits on appeals as jurisdictional defeats the labeling point anyway. *See id*. 2(A)(2). If belated appeals were untimely, Kentucky law would strip the Commonwealth's courts of the power to hear them. Nor does this approach give short shrift to the States. Just as we have "no authority to impose mandatory opinion-writing standards on state courts," *Johnson v. Williams*, 568 U.S. 289, 300 (2013), we may not read a State's case law without keeping the context of its broader legal structure in mind. If Kentucky wishes to adjust its timeliness procedures in light of federal habeas law, it remains free to do so "through its supreme court decisions or legislation." *Saffold*, 536 U.S. at 223. In the meantime, we must apply Kentucky's law as it exists.

The Commonwealth points out that ineffective attorneys, who must invoke the belated-appeal procedure, may face sanctions for their conduct. *See Wine*, 694 S.W.2d at 695. If the

belated-appeal rule merely codifies an exception, it asks, why would the Commonwealth punish lawyers whose clients fit within the exception?  But nothing in the case law or Kentucky's Rules of Appellate Procedure conditions granting a belated-appeal motion on a prior finding of liability on the part of the lawyer.

The Commonwealth claims that we should not rely on *DiCenzi* and *Board* because they dealt with Ohio, not Kentucky, law.  But the rules in both jurisdictions create a mechanism by which a defendant may ask a court to hear a late appeal.  And both rules appear in their relevant rules of appellate procedure.  *See* Ohio App. R. 5(A)(2); Ky. RAP 3(D).  We see no material basis for distinguishing those cases from this one.

We reverse.